FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABACUC GUEVARA, | No. 10-55835 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-01144-R-DTB |
| v. | |
| CONNIE GIPSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 27, 2013
Pasadena, California

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District Judge.[**]

Abacuc Guevara appeals the district court's denial of his petition for a writ

of habeas corpus. The California Court of Appeal upheld his convictions for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Cogan, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

murder and being a felon in possession of a gun after ruling that the erroneous admission of preliminary hearing testimony was harmless.

In determining whether the state court's error was harmless on collateral review, we examine "the record as a whole" and ask whether the violation had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *accord Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir. 2011). Relevant considerations include "the importance of the testimony, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony, the extent of cross-examination permitted, and the overall strength of the prosecution's case." *Ocampo v. Vail*, 649 F.3d 1098, 1114 (9th Cir. 2011) (quoting *Whelchel v. Washington*, 232 F.3d 1197, 1206 (9th Cir. 2000)). We have ruled that the erroneous admission of testimony is not rendered harmless by corroborative evidence if "(1) there was a reason for the jury to doubt the only eyewitness testimony; (2) the third party testimony was not exceptionally strong; and (3) the physical evidence connecting the accused to the crime was limited and explained by [the defendant's theory of the case]." *Id.* (alteration in original) (quoting *Whelchel*, 232 F.3d at 1208).

Aside from the preliminary hearing testimony, the jury heard of three eye-witness identifications of Guevara and his motive to commit the crimes. The jury had reason to doubt each piece of evidence presented, including the preliminary hearing testimony, but the cumulative effect of multiple identifications distinguishes this case from *Ocampo*. In light of the testimony from other witnesses and Guevara's opportunity for cross-examination at the preliminary hearing, we conclude, consistent with *Brecht*, that the erroneous admission of the preliminary hearing testimony did not have a substantial and injurious effect on the jury's verdict.

**AFFIRMED**

*Guevara v. Gipson.*, No. 10-55835

COGAN, District Judge, concurring.

In light of Judge Christen's dissent, I write briefly to further explain my concurrence in the majority decision.

Although I believe that the case is close, the Supreme Court made it clear in *Fry v. Pillar*, 551 U.S. 112 (2007), that the "substantial and injurious effect or influence" test for harmless error in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), subsumes the standard under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Because *Fry* held that *Brecht* is more deferential to state court decisions than AEDPA, it follows that if a state court's decision would be upheld under AEDPA, then it must be upheld under *Brecht*.

From that perspective, the resolution of close cases like this becomes more apparent. The Supreme Court has clarified that the AEDPA standard of review is extremely narrow, and is intended only as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal[.]" *Ryan v. Gonzales*, __ U.S. __ , 133 S. Ct. 696, 708 (2013) (quoting *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786). "[E]ven a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." *Harrington*, 131 S. Ct. at 786. Indeed, in *Harrington*, the Supreme Court went so far as to hold that a habeas court may only "issue the writ in cases

where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Id*. This standard of "no possibility" of disagreement among "fairminded jurists" as to the existence of legal error is arguably the narrowest standard of judicial review in the law.

For the reasons stated in the majority opinion, the state court's conclusion that the improper admission of this evidence was harmless beyond a reasonable doubt does not warrant relief under the *Fry*/*Brecht*/AEDPA standard. Fairminded jurists could readily disagree as to the state court's conclusion, which precludes relief. Indeed, but for the dissent, all six state and federal judges who have considered the issue have expressed the view that relief is not warranted. Moreover, the state court issued a lengthy, reasoned decision, in which it set aside two of the counts of conviction based on the error that we are considering, but determined to uphold the other counts that remain before us.

This is not a case where there was an absence of evidence to support the conviction. The properly-admitted evidence had vulnerabilities, but they were vulnerabilities that could be placed before a jury, and which the state court considered in determining that the error was harmless. I believe that the standard of review adopted by the dissent is effectively one of ordinary error, not for the kind of "grievous[] wrong", *Brecht*, 507 U.S. at 637, that habeas corpus exists to prevent, and therefore join the majority opinion.

*Guevara v. Gipson.*, No. 10-55835

CHRISTEN, Circuit Judge, dissenting.

As my colleagues note, the erroneous admission of evidence is not harmless if the violation had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 638 (1993). In my view, the state court's determination that the admission of April Romero's testimony did not have a substantial and injurious effect on the jury was unreasonable. Romero testified at a preliminary hearing that Guevara came to her and essentially confessed, but Romero was unavailable to testify at trial. Likely because of the weaknesses in the testimony of the remaining witnesses, the prosecutor stressed Romero's preliminary hearing testimony in his closing argument to the jury.

I respectfully disagree with my colleagues' conclusion that "the cumulative effect of multiple identifications distinguishes this case from *Ocampo*." *Ocampo v. Vail* teaches that corroborative evidence cannot render the wrongful introduction of other evidence harmless if: "(1) there was a reason for the jury to doubt the only eyewitness testimony; (2) the third party testimony was not exceptionally strong; and (3) the physical evidence connecting the accused to the crime was limited and explained by [the defendant's theory of the case]." 649 F.3d 1098, 1114 (9th Cir.

2011) (quoting *Welchel v. Washington*, 232 F.3d 1197, 1208 (9th cir. 2000)). In this case, there was plenty of reason to doubt the remaining eyewitness testimony, which was not "exceptionally strong."

David Poplin — referring to handwritten notes — testified that Desiree Robles told him she saw Guevara running away from the scene of the shootings. But at trial, Robles denied seeing this, and denied telling Poplin that she did. Norma Munoz testified that a 10-year-old child yelled "It was Abacuc!" immediately after the shootings. But Munoz did not mention hearing this when she was interviewed by police on the day of the murders. In fact, Munoz did not mention this until a week before trial. Thomas Handgis, Jr. testified that he saw Guevara run in front of his car carrying a gun, but he did not see the shooting. Handgis identified Guevara in the courtroom, but his pretrial identification of Guevara was problematic: he did not recognize Guevara at the time of the shootings and Guevara's photograph was one of two that Handgis picked out from a photographic lineup.

Given this record, Romero's testimony was so much stronger than that of all the remaining witnesses that the state court was not only wrong, but also unreasonable, in concluding that her testimony did not substantially influence the jury's verdict. AEDPA's "standard is demanding but not insatiable." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). "[W]here, as here, a state court doesn't act

reasonably, deference comes to an end." *Doody v. Ryan*, 649 F.3d 986, 1028 (9th cir. 2011) (en banc) (Kozinski, C.J., concurring).  I therefore respectfully dissent.